

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Jacobs" (2004). *2004 Decisions.* Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────

No. 01-3410

───────────

UNITED STATES OF AMERICA

v.

MARK JACOBS
a/k/a
Skinny Mark

Mark Jacobs,

Appellant

───────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-CR-313-03)
District Court Judge: Honorable J. Curtis Joyner

───────────

Argued March 29, 2004

Before: ALITO, FISHER, and ALDISERT, <u>Circuit Judges.</u>

(Opinion Filed: April 7, 2004)

ROBERT J. LEVANT (Argued)
Levant, Martin & Levin
1617 John F. Kennedy Boulevard

Suite 1740
Philadelphia, PA 19103

*Counsel for Appellant*

KATHY A. STARK (Argued)
Suite 1250
Office of the United States
Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

As we write only for the parties involved, we will not restate the evidence below. We find Jacobs's claims to be without merit and affirm the District Court's judgment and sentence.

First, as the District Court imposed a sentence (28.5 years) that was below Jacobs's admitted original statutory maximum (40 years), Jacobs was not entitled to a jury trial to determine the amount of cocaine involved in his crimes. See United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000)("[T]hough the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that Apprendi is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month)

2

was well under the original statutory maximum of 20 years.")

Second, the District Court was not clearly erroneous in finding that Jacobs was responsible for the distribution of at least 1.5 kilograms of crack cocaine. See United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999) cert. denied, 120 S.Ct. 969 (2000). The evidence showed that Jacobs was a key player in a conspiracy that moved over 88 kilos of crack cocaine. Jacobs was observed in the conspiracy over the course of several months, and government witnesses testified to the extent of his involvement, which included supervising his two younger brothers, who also worked as dealers. Furthermore, the police found extensive drugs and drug paraphernalia in his home. The only evidence submitted by Jacobs was his own denial.

Third, we reject Jacobs's claim that the District Court abused its discretion when it denied him the right to compel the government to produce a specific witness at the sentencing hearing. Simply put, nothing in the record shows that Jacobs was prohibited from calling the witness to the stand via subpoena. Furthermore, the fact that the witness had already been cross-examined by five defense attorneys in a related conspiracy case, together with the significant evidence of Jacobs's role in the conspiracy, leads us to conclude that, even if the District Court erred, there was no prejudice. See, e.g., United States v. Nappi, 243 F.3d 758, 770-771 (3d Cir. 2001)("In the circumstances, [defendant] has failed to show us anything that would even justify an inference, let alone prove, that the District Court's sentence was bound to be different if [he] had been afforded a copy of

3

the state PSI in advance of the hearing and had been given an opportunity to comment on it"); <u>United States v. Sciarrino</u>, 884 F.2d 95 ,97 (3d Cir. 1989);  <u>United States v. Romano</u>, 825 F.2d 725, 729 (2d Cir.1987).

For the above reasons, we affirm.